IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Yarii Ameer Massey Jr. (R72867), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21 C 560 |
| v. | ) | |
| | ) | Hon. Gary Feinerman |
| Marcus Hardy, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

    For the reasons set forth below, the complaint [9] is dismissed without prejudice. If Plaintiff wishes to proceed with this lawsuit, he must by 6/3/2021 shall submit an amended complaint on the court's required form. Failure to comply will result in the dismissal with prejudice of this lawsuit. In addition, Plaintiff must promptly submit a change-of-address notification if he is transferred to another facility or released; failure to comply with this requirement will result in the dismissal with prejudice of this suit. The Clerk is directed to send Plaintiff a copy of this order and an amended civil rights complaint form. Plaintiff's motion for attorney representation [4] is denied without prejudice. The status hearing set for 5/4/2021 [7] is stricken and re-set for 6/23/2021 at 9:30 a.m.

## STATEMENT

    Plaintiff Yarii Ameer Massey Jr., a prisoner at Stateville Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 concerning his living conditions and medical care. Plaintiff has paid the filing fee. However, because he is proceeding *pro se* and was incarcerated at the time he filed this lawsuit, the complaint is subject to screening under 28 U.S.C. § 1915A(a). *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

    A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw

reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

The complaint alleges as follows. Plaintiff has been housed at Stateville Correctional Center since December 2016. (Dkt. 9, pg.6.) Since that time, Plaintiff has been subjected to inhumane living conditions, including substandard heating, cooling, and ventilation; rodent and insect infestations; filthy cells; faulty plumbing; and mold. (*Id*., pgs. 6-11.) Plaintiff spoke with Defendants Hardy, Gomez, and Tanner about those issues to no avail. (*Id*., pg. 11.)

Plaintiff began having issues with his right ear on December 6, 2019. (*Id*., pg. 12.) On December 14, 2019, a nurse flushed two cockroaches out of his ear. (*Id*.) On December 23, 2019, Plaintiff was seen by Dr. Aguinaldo about issues with his ear. (*Id*., pg. 13.) Dr Aguinaldo told Plaintiff that he would need to see a hearing specialist, but has failed to provide any additional medical care for his ear and Plaintiff still has not seen a specialist. (*Id*.)

The complaint contains improperly joined claims. His allegations concern living conditions at Stateville Correctional Center spanning over four years against three Defendants, as well as recent lack of proper medical care by a different and unrelated Defendant. These claims concern at least two distinct and separate claims: (1) conditions in Stateville; and (2) lack of medical treatment. As such, the claims may not proceed in the same lawsuit.

Prisoners, like other litigants, must comply with the rules for joining claims and defendants within a single lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Joinder of claims and parties is governed, for present purposes, by Civil Rules 18 and 20. Rule 18 allows for joinder of "as many claims as [a party] has against an opposing party." Fed. R. Civ. P. 18(a). Rule 20, however, limits joinder of defendants to cases where the right to relief against the defendants "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Plaintiff's claims are not related in a legal sense because any claims about living conditions concerns the actions that correctional administration/staff took (or did not take) to address any potentially unhealthy conditions, while any claim about Plaintiff's medical care for his ear concerns a healthcare provider's treatment decisions. The claims therefore arise from different facts and involve different governing law. The proof required to prevail on the claims also is unlikely to overlap. For example, with respect to the alleged conditions, inquiry likely will focus on what correctional administration/staff named as Defendants knew about the conditions, when they knew it, and what steps they took to alleviate them. Any medical claim should require inquiry into the reasoning behind the treatment decisions made by Dr. Aguinaldo in response to Plaintiff's reported symptoms. Consequently, Plaintiff's claims about the living conditions and his medical care cannot proceed in the same lawsuit. *See George*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (explaining that unrelated claims should not be joined in same lawsuit); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("The place of confinement is all that connects [the plaintiff-prisoner's] hodgepodge of allegations" about grievances, the forcible ending of his hunger strike, a medical claim relating to the hunger strike, and a failure to protect claim based on a housing placement).

Accordingly, the complaint is dismissed without prejudice. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that complies with this order. In other words, he must choose which claim he wants to pursue—*i.e.,* either claims regarding living conditions, or a claim concerning his medical care—and file an amended complaint limited to properly joined claims against properly joined defendants. The other claim or claims will be considered to be dismissed without prejudice so that Plaintiff may pursue the claim in a separately filed lawsuit; Plaintiff should be aware, however, that any separate lawsuit also will be subject to a filing fee and must comply with the statute of limitations.

Plaintiff should consider the following as he decides how to proceed. First, a complaint must provide "some indication . . . of time and place." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (quoting *Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004)). Although Plaintiff provides such information as to his medical claim, his conditions claim contains essentially no indication of time other than a four-year time span or information sufficient to identify where within Stateville he encountered the challenged condition(s).

Second, a two-year statute of limitations applies to § 1983 actions in Illinois. *Ray v. Maher*, 662 F.3d 770, 772-73 (7th Cir. 2011). This period is tolled (temporarily stopped) while an inmate pursues a grievance process, *see Wagner v. Hardy*, 609 F. App'x 874, 875 (7th Cir. 2015), but this does not permit unlimited stringing together of claims regarding events in different times and places.

Third, although Plaintiff provided too little information for the court to determine the scope of any intended conditions claim, he may not be permitted to pursue an omnibus complaint regarding every unsavory condition he has experienced at any place in Stateville prison over multiple years. Even when a complaint seeks to bring separate claims against a single Defendant or coherent group, "[t]he court may … sever any claim against a party," Fed. R. Civ. P. 21; *see Vermillion v. Levenhagen*, 604 F. App'x 508, 512-13 (7th Cir. 2015) (noting that "district court has the discretion to sever any claims that are 'discrete and separate' in the interest of judicial economy and to avoid prejudice"), such as when "one claim [is] capable of resolution despite the outcome of the other claim." *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006). Claims encompassing multiple housing units, ranging from in-cell to some shared spaces, while potentially "aris[ing] out of the same set of connected transactions," *Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2018), or within the same "fairly continuous period," *Mitchell*, 895 F.3d at 503, may be too unwieldy for efficient consideration within a single lawsuit. After all, claims regarding the conditions in diverse living units appear certain to require unique facility records, testimony, and potential witnesses. *See Robinson v. Dart*, No. 13 C 1502, 2014 WL 222711, at *2 (N.D. Ill. Jan. 21, 2014).

Finally, Plaintiff is cautioned that an amended complaint supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint without reference to the original complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files.

Plaintiff's motion for attorney representation is denied without prejudice as premature, as the court cannot determine at this early stage whether Plaintiff can litigate this case on his own. *See Pickett v. CTA*, 930 F.3d 869, 871 (7th Cir. 2019); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). If Plaintiff submits an amended complaint that survives screening, he may renew his motion for attorney representation if he comes to believe that he is unable to litigate this case on his own.

April 29, 2021

_____
United States District Judge