UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Instructions for Settlement Conferences
in Cases Assigned to Judge Edmond E. Chang

The Court believes the parties should fully explore and consider settlement at the earliest opportunity. Early consideration of settlement can prevent unnecessary litigation. This allows the parties to avoid the substantial cost, expenditure of time, and stress that often accompany the litigation process. Even for those cases that cannot be resolved through settlement, early consideration of settlement can allow the parties to better understand their dispute and streamline the issues to be litigated.

The instructions below must be followed in preparing for the settlement conference. Any party who wishes to vary any of these procedures must make an appropriate request to the Court before the settlement conference.

**1. Pre-conference exchange of demand and offer.** A settlement conference will be more productive if the parties exchange written demands and offers, and if the parties have made a good faith effort to settle the case on their own. Accordingly, at least 7 business days before the settlement conference, the plaintiff shall submit a written itemization of damages and settlement demand to the defendant, with a detailed explanation of why the demand is appropriate (and list the names or the clients and lawyers who will attend the conference). No later than 3 business days before the settlement conference, the defendant shall submit a written offer to the plaintiff, with a detailed explanation of the offer is appropriate (and list the names or the clients and lawyers who will attend the conference). If settlement is not reached through this process, the defendant shall e-mail copies of *both* side's letters to Judge Chang's chambers on the third business day before the conference (e-mail to Proposed_Order_Chang@ilnd.uscourts.gov). Do not file copies of these letters with the Clerk or on the docket.

**2. Attendance of parties required.** Parties with full and complete settlement authority *must personally attend* the conference. This means that if a party is an individual, that individual must personally attend; if a party is a corporation or governmental entity, a representative of who is authorized to negotiate and who has full settlement authority must personally attend; if a party requires approval by an insurer to settle, then a representative of the insurer who is

authorized to negotiate and who has full settlement authority must attend. Having a client with authority available by telephone is not an acceptable alternative, except under exceptional circumstances and with the prior permission of the Court.

**3. Conference Format.** The Court generally will follow a "mediation" format: a joint session with the Court in which each side makes opening presentations to the other side, followed by private meetings by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to reassess their previous positions and to discover creative means for resolving the dispute.

**4. Statements Inadmissible.** Any statements made by any party or attorney during the settlement conference will be inadmissible at trial. That rule should encourage parties and attorneys to be frank and open in their discussions. The Court expects the parties to address each other with courtesy and respect.

**5. Issues to be Discussed.** Parties should be prepared to discuss the following at the settlement conference:

a. What are your goals in the litigation and what problems would you like to address in the settlement conference? What do you understand are the opposing side's goals?

b. Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

c. What are the points of factual and legal agreement and disagreement between the parties?

d. Does settlement or further litigation better enable you to accomplish your goals?

e. Are there possibilities for a creative resolution of the dispute?

f. Are there outstanding lien holders or third parties who should be invited to participate in the settlement conference?

For many clients, this will be the first time they will participate in a court-supervised settlement conference. Thus, before the settlement conference, counsel shall provide a copy of these instructions to the client and shall discuss the points contained herein with the client.

**6. Other information.** Parties and their counsel should appear in Judge Chang's courtroom on the date and time set for the settlement conference. In anticipation of a settlement, the parties should review and be prepared to complete the attached Settlement Checklist/Term Sheet at the conclusion of the settlement conference. The parties should also review the "Settlement Dismissal Orders" link on Judge Chang's website for information on how to draft proposed dismissal orders.

## SETTLEMENT CHECKLIST/TERM SHEET

**CASE NAME:** _____

**CASE NO.** _____ **CV** _____ **DATE:** _____

**A.  PAYMENT OF MONEY**

1. To:_____ From:_____

2. Total amount to be paid: $_____

3. When: _____

4. Payment terms (*e.g., to whom checks will be written, number of payments, payment schedule, etc.*):

   _____

   _____

   _____

5. Does payment include attorney's fees? Yes or No

6. Any third party liens to be paid from proceeds? Yes or No

   a. If yes, to whom: _____

7. Tax Treatment (*e.g., W-2, 1099*): _____

**B.  SELECT A RELEASE OPTION**

1. **Choose one of the following:**

   a. One Way From Plaintiff(s) to Defendant(s), or

   b. Mutual

2. **Scope of Release :**

   a. General Release

1

        i.      All claims raised in the litigation, or

        ii.     All existing claims, whether or not raised in the litigation.

OR

b.    Limited Release (describe):

_____

_____

_____

## C. CONFIDENTIALITY

1. Settlement agreement to be confidential: Yes or No

2. Mutual: Yes or No

3. What can the parties say to others to describe the litigation's resolution?

    a.    "Dispute amicably resolved," or

    b.    Other: _____

4. Exceptions to confidentiality?

    a.    Attorneys
    b.    Tax advisors
    c.    Immediate family
    d.    As otherwise required by law
    e.    Other: _____

5. Liquidated damages if breach of confidentiality agreement: Yes or No

    a.    Amount (*Not too large to avoid being a penalty, e.g., no more than 5-10% of total settlement*):
          $_____

**D. OTHER SETTLEMENT TERMS**

1. No admission of liability.

2. _____

**E. EMPLOYMENT CASES ONLY**

1. Ability to reapply: Yes or No
2. Type of reference:_____

**F. EFFECTIVE DATE**

1. A binding agreement today; or

2. No binding agreement until the typed settlement agreement is signed. (*Only select in instances where parties need to negotiate additional terms or obtain further approval.*)

**G. CONFIRMING AND DOCUMENTING SETTLEMENT**

1. Do parties wish to place settlement terms in the public record? Yes or No

2. Settlement terms to be incorporated in a typed written agreement? Yes or No

    a. Typed agreement to be prepared by _____ and sent to other parties on or before _____.

    b. Other parties to respond with changes, if any, by _____.

3. Typed settlement agreement to be executed on or before _____.

4. Will settlement agreement be filed in court? Yes or No

5. Other terms regarding documenting the settlement: _____.

3

**H. DISMISSAL OF LITIGATION AND ENFORCEMENT OF AGREEMENT (Circle one):**

      1. Dismissal without prejudice that automatically converts to a dismissal with prejudice on [[*insert date*]] unless before that date a party files a motion to reinstate, a motion to enforce the parties' settlement agreement, or a motion for additional time to file a motion to reinstate or a motion to enforce the settlement agreement. *(If by the time of the entry of the stipulated dismissal order the settlement terms are not yet totally fulfilled (e.g., payments in installments), then circle this option. The Court cannot enforce the settlement agreement after dismissal "with prejudice" is entered.)*

      2. Dismissal with prejudice. *(If by the time of the entry of the stipulated dismissal order the settlement terms will have been fulfilled (e.g., payment made), then circle this option.)*

**I. DO PARTY REPRESENTATIVES HAVE FULL AUTHORITY TO ENTER INTO SETTLEMENT AGREEMENT? Yes or No**

Print name, title, and identity of parties:

_____

_____

_____

Signatures of all party representatives:

_____      _____

_____      _____

_____      _____

_____      _____